UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| CARL LEE LEDFORD, <br><br> Plaintiff, <br><br> v. <br><br> KATRIKA WILLIAMS, individually and in her Official capacity as property manager, AMY GEPFERT, individually and in her official Capacity as property manager, ELISA CUPP, individually and in her official capacity as supervisor, COMMUNITY HOUSING CONCEPTS/EAST CENTRAL TOWERS, LLC, in its official capacity, MONROE GROUP LTD SECTION 8 ADMINISTRATOR, in its official Capacity, and the DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, in its official capacity. <br><br> Defendant. | CASE NUMBER: 1:18 CV 337 |

## OPINION AND ORDER

Plaintiff, Carl Lee Ledford ("Ledford"), proceeding *pro se*, is a frequent filer with five cases currently pending in the Northern District of Indiana. In his most recent Complaint, he asserts that the Defendants all caused him injury by unlawfully terminating his lease causing him to lose his apartment at East Central Towers in July, 2018. Presently before the Court is Defendant the United States Department of Housing and Urban Development's ("HUD's") Motion to Dismiss the Complaint as to Ledford's claims against it. For the following reasons, the Motion will be GRANTED.

1

**DISCUSSION**

It is axiomatic that federal courts are courts of limited jurisdiction. *See, e.g., Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). A party may therefore seek dismissal of a complaint for lack of subject matter jurisdiction. FED. R. CIV. P. 12(b)(1). The burden of proving that a cause of action is within the court's subject matter jurisdiction rests on the party asserting jurisdiction. *Kokkonen,* 511 U.S. at 377. A court is free to weigh the evidence to determine whether jurisdiction has been established. *Id.* at 946 (citation omitted). In reviewing a motion to dismiss, the court accepts as true all facts alleged in the complaint and draws all reasonable inferences in favor of the Petitioner. *G & S Holdings LLC v. Cont'l Cas. Co.,* 697 F.3d 534, 539 (7th Cir.2012).

The United States, which includes federal agencies, "may not be sued without its consent" and "the consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983); *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). Government waivers of immunity must be expressed clearly in a statute, "are not implied, and are construed narrowly against the plaintiff." *Gessert v. United States*, 703 F.3d 1028, 1033 (7th Cir. 2013) (citing *Soriano v. United States*, 352 U.S. 270, 276 (1957)). To maintain a claim against the United States in federal court, a plaintiff must (1) identify a federal statute that "confers subject matter jurisdiction on the district court" and (2) identify a statute that "waives sovereign immunity of the United States to the cause of action." *Macklin v. United States*, 300 F.3d 814, 819 (7th Cir. 2002). "Failure to satisfy either requirement mandates the dismissal of the plaintiff's claim." *Id.*

Here, the only statute that may be applicable to establish subject matter jurisdiction over HUD is the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671–2680. However, that Act provides jurisdiction for suits against the United States regarding torts committed by federal

officials, not state officials. However, Ledford has not sued or made any allegations against any federal officials of HUD. Instead, he has sued employees of a private independent contractor that managed the housing development from which he was evicted. Thus, to the extent Plaintiff seeks to raise a claim against HUD under the FTCA, those claims are DISMISSED.

Similarly, to the extent Ledford's Complaint can be read to assert a contract claim against HUD for $500,000, that litigation cannot proceed here. The Tucker Act provides that both district courts and the Court of Federal Claims have original jurisdiction for civil actions, "not exceeding $10,000 in amount, founded ... upon any express or implied contract with the United States ... in cases not sounding in tort." 28 U.S.C. § 1346(a)(2). Where the amount in controversy exceeds the $10,000 threshold, however, jurisdiction lies only with the Court of Federal Claims. *United States v. Bormes*, 568 U.S. 6, 10 n.2 (2012); *see* 28 U.S.C. §§ 1346(a)(2), 1491(a)(1). Here, Ledford is seeking $500,000 in damages which places him beyond the jurisdictional threshold. Accordingly, the Motion to Dismiss is GRANTED as to Ledford's contract claim against HUD.[1]

## CONCLUSION

Based on the foregoing, HUD's motion to dismiss is GRANTED as this court lacks subject matter jurisdiction as to Ledford's claims against HUD.

Entered: June 17, 2019

s/William C. Lee<br>United States District Court

---

[1] HUD also moves, alternatively, to dismiss the Complaint against it for failure to state a claim under Fed.R.Civ.P. 12(b)(6) and for improper service of process, Fed.R.Civ.P. 12(b)(5). Because the threshold issue of subject matter jurisdiction, is dispositive, this Court cannot weigh in on the merits of HUD's 12(b)(6) motion and the request for dismissal under 12(b)(5) is rendered moot.